```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


VIVIAN THOMAS,                       )
                                     )
            Plaintiff,               )
                                     )
       v.                            )    No. 4:11 CV 1929 DDN
                                     )
STATE OF MISSOURI and                )
BRIAN KINKADE,                       )
                                     )
            Defendants.              )
```

**MEMORANDUM AND ORDER**

This action is before the court on the motion of defendants the State of Missouri and Brian Kinkade to dismiss (Doc. 18). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 9.) Oral arguments were heard on April 5, 2012.

**I.   BACKGROUND**

On November 4, 2011, plaintiff Vivian Thomas commenced this action against defendants the State of Missouri and Brian Kinkade. (Doc. 1.) On January 6, 2012, defendant the State of Missouri filed a motion to dismiss. (Doc. 6.) On January 27, 2012, plaintiff moved for leave to file her first amended complaint. (Doc. 13.) On February 2, 2012, the court sustained plaintiff's unopposed motion to amend and denied the motion to dismiss the original complaint as moot. (Docs. 14, 16.)

In her first amended complaint, plaintiff alleges that from November 23, 1998 to January 1, 2004, she worked for the Missouri Department of Social Services, Division of Family Services (Department). (Doc. 15 at ¶ 12.) Her initial position was Social Service Worker I, but by the end of her employment she had advanced to Social Service Worker II. (Id.)

On September 24, 2002, plaintiff injured her right foot while at work. (Id. at ¶ 13.) She became disabled as a result of her injury and filed a worker's compensation claim. (Id.)

In October 2002 and April 2003, plaintiff received satisfactory performance appraisals. (Id. at ¶ 15.)

On January 1, 2004, plaintiff was approved for long-term disability benefits. (Id. at ¶ 14.) As a result, the Department notified her that she was deemed to have voluntarily resigned in good standing from employment. (Id.) The Department also informed her that she had certain reemployment rights. (Id.)

In August, 2008, plaintiff applied for the position of Children's Service Worker II with the Department. (Id. at ¶ 16.) She was told, however, that she would never be hired by the Department again because she did not leave her previous employment with the Department in good standing. (Id.)

In May, 2009, plaintiff applied for the position of Youth Specialist with the Department. (Id. at ¶ 17.) The interviewer told her that she wanted to hire her. (Id.) Later, however, plaintiff received a rejection letter from the Department. (Id.)

Plaintiff alleges that she was discriminated against by defendants' refusal to rehire her because of her disability. (Id. at ¶ 18.) She alleges that the discrimination offended her, disturbed her, and caused her stress, emotional distress, and humiliation. (Id. at ¶ 19.)

In Count I, plaintiff seeks relief only from defendant Brian Kinkade in his official capacity as Acting Director of the Missouri Department of Social Services. She alleges that the Department knew of her disability since September 24, 2002. (Id. at ¶¶ 20-22.) She alleges that she can perform the essential functions of the jobs for which she applied with or without reasonable accommodation, but that she was not hired because of her disability. (Id. at ¶¶ 23, 24.) She alleges that defendant Kinkade, in his official capacity as the Acting Director of the Department, violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (ADA). (Id. at ¶¶ 20-25.) She seeks an order enjoining Kinkade from committing future acts of disability discrimination and directing Kinkade to rehire her. (Id.) She also seeks attorney's fees and costs. (Id.)

In Count II, plaintiff seeks relief from both the defendant State of Missouri and defendant Kinkade in his official capacity. She alleges that the State of Missouri and the Department receive federal financial assistance from the United States. (Id. at ¶ 27.) She alleges that she

has had a record of having a disability and that defendants knew of her disability and perceived her as disabled since September 24, 2002. (Id. at ¶¶ 28, 29.)  She alleges that she can perform the essential functions of the jobs for which she applied with or without reasonable accommodation, but that she was not hired because of her disability. (Id. at ¶¶ 30, 31.)  She alleges that defendants the State of Missouri and Kinkade, in his official capacity, violated the Rehabilitation Act, 29 U.S.C. §§ 701-796 (Rehabilitation Act), and that their conduct was willful, wanton, malicious, and with conscious disregard for her rights. (Id. at ¶¶ 26-33.)  She seeks an order enjoining defendants from committing further acts of disability discrimination; reinstatement or front pay; damages for lost income, lost benefits, emotional distress, humiliation, and embarrassment; attorney's fees; costs; and punitive damages.  (Id.)

## II.  MOTION TO DISMISS

Defendants move to dismiss, arguing that the court does not have subject matter jurisdiction over plaintiff's claims because her claims are barred by the Eleventh Amendment.[1]  As to Count I, defendants argue that plaintiff has not alleged the imminent commencement of an unconstitutional act.  As to Count II, defendants argue that the State of Missouri has not waived its sovereign immunity as to Rehabilitation Act claims and that an individual agency, not an agency official, is the proper named-defendant in a Rehabilitation Act claim.  (Docs. 18, 19.)

Plaintiff responds that the injunction which she seeks in Count I would end the Department's prohibition of rehiring her and would require the Department to rehire her for the next available position for which she is qualified.  As to Count II, plaintiff concedes that the State of Missouri should be dismissed, but argues that an agency official can be the named-defendant in an official-capacity Rehabilitation Act claim.

---

[1] A motion to dismiss on Eleventh Amendment immunity grounds is a challenge to the court's subject matter jurisdiction over the action. See, e.g., Walls v. Bd. of Regents of Se. Mo. State Univ., No. 1:09 CV 35 RWS, 2009 WL 2170176, at *1 (E.D. Mo. July 20, 2009) (citing Gasparik v. Stony Brook Univ., 296 F. App'x 151, 152 (2d Cir. 2008)).

Alternatively, plaintiff seeks leave to amend her complaint to name the Department as a defendant in Count II. (Doc. 22.)

Defendants reply that as to Count I, plaintiff has not alleged that she suffers from ongoing discrimination for which the injunction would provide prospective relief. As to Count II, defendants argue that Kinkade is not the proper named-defendant because only an individual agency, not an agency official, is subject to a Rehabilitation Act claim. (Doc. 25.)

### III. MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(1)[2] challenges whether the district court possesses subject matter jurisdiction to hear the case. Johnson v. United States, 534 F.3d 958, 964 (8th Cir. 2008). Because the jurisdictional dispute can be decided solely on the basis of the relief sought in plaintiff's complaint, the motion "is subject to the same standards as a motion brought under Rule 12(b)(6)." Mattes v. ABC Plastics, Inc. 323 F.3d 695, 698 (8th Cir. 2003). Thus, the court confines itself to the complaint, considering all factual allegations as true and drawing all reasonable inferences in plaintiff's favor. Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).

### IV. DISCUSSION

The Eleventh Amendment[3] provides states with immunity from suit brought by private parties in federal court seeking "retroactive relief for violations of federal law that would require payment of funds from a state treasury." Skelton v. Henry, 390 F.3d 614, 617 (8th Cir. 2004).

---

[2]Federal Rule of Civil Procedure 12(b)(1) governs a motion to dismiss on Eleventh Amendment immunity grounds. See, e.g., Arnold v. Hoelscher, No. 1:10 CV 187 SNLJ, 2011 WL 1226901, at *1 (E.D. Mo. Mar. 30, 2011), Walls, 2009 WL 2170176, at *1.

[3]"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

This immunity extends to state agencies and state officials when sued in their official capacity. Hafer v. Melo, 502 U.S. 21, 25 (1991); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984).

Under the Ex parte Young[4] doctrine, however, a private party can bring suit seeking prospective relief against a state official in his official capacity to enjoin an ongoing violation federal law. 209 U.S. 123, 155-56, 159-60 (1908); accord Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002).

**A.  Count I**

In Count I, plaintiff seeks an order enjoining Kinkade from future acts of disability discrimination and directing Kinkade to rehire her,[5] as well as attorney's fees and costs. (Doc. 15 at ¶¶ 20-25.)

Title I of the ADA bars employers from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Under the Ex parte Young doctrine, a private party can enforce Title I of the ADA in an action for injunctive relief against a state official. Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 374 n.9 (2001).

Reinstatement is a remedy available in an official-capacity claim brought under Title I of the ADA against a state official when the plaintiff alleges that her employment was terminated because of her disability.[6] See, e.g., State Emps. Bargaining Agent Coal. v. Rowland,

---

[4]209 U.S. 123 (1908).

[5]Although not specifically alleged in plaintiff's complaint, the court construes the complaint broadly so as to allege that Kinkade has the authority to make hiring decisions. See also (Doc. 22 at 4) (arguing that an order directing Kinkade to rehire her "is certainly prospective injunctive relief over which[] Brian Kinkade, as the Acting Director of the Department of Social Services[,] has control").

[6]This assumes, however, that the employer-employee relationship has not deteriorated such that reinstatement would no longer be a viable remedy. See Masengill v. Univ. of Tenn., No. 3:98-CV-137, 2001 WL (continued...)

494 F.3d 71, 96 (2d Cir. 2007) ("Every Circuit to have considered the issue . . . has held that claims for reinstatement to previous employment satisfy the Ex parte Young exception to the Eleventh Amendment's sovereign immunity bar."); Morr v. Mo. Dep't of Mental Health, No. 4:08 CV 359 RWS, 2009 WL 1140108, at *4 (E.D. Mo. Apr. 28, 2009) ("Because [the plaintiff] seeks reinstatement, which constitutes prospective injunctive relief, her ADA claims against [the state official] in his official capacity are not barred by the Eleventh Amendment."); cf. Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997).

  Defendants do not challenge plaintiff's request for an order enjoining Kinkade from committing future acts of disability discrimination. Nor do defendants dispute that reinstatement is proper when an employee has been unlawfully terminated on the basis of her disability. Instead, defendants argue that the relief sought here—an order directing a state official to hire an applicant who was denied employment because of her disability—is not prospective relief that would enjoin an ongoing violation of federal law.

  Defendants, however, have not identified a meaningful difference between the situation where an employee is unlawfully terminated and where a prospective employee is not hired for an unlawful reason. Nelson v. Univ. of Tex., 535 F.3d 318, 323 (5th Cir. 2008) (explaining that wrongful termination is a past, discrete act that "'occurred' on the day that it 'happened'" (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002)). Given that "several circuits have directly addressed the [ongoing violation] requirement and still concluded that reinstatement may be pursued through Ex parte Young," Nelson, 535 F.3d at 323, the court concludes that an order directing Kinkade to rehire plaintiff would be a form of prospective relief permitted under Ex parte

---

  [6](...continued)
34079321, at *6 (E.D. Tenn. Oct. 22, 2001) (recognizing the limited availability of reinstatement and that the alternative, back pay, is precluded by the Eleventh Amendment).

Young.[7]  See Carten v. Kent State Univ., 282 F.3d 391, 396 (6th Cir. 2002) (explaining that "claims for reinstatement are prospective in nature" and "state a violation that continues during the period the plaintiff is excluded from the benefits to which he is entitled"); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 841 (9th Cir. 1997) (explaining that reinstatement is prospective relief because it does not compensate for lost wages and any salary received after reinstatement "[has] nothing to do with the alleged past violation"); Dunn v. Spivey, No. 2:09-0007, 2009 WL 1322600, at *4 (M.D. Tenn. May 11, 2009) (noting that "courts have repeatedly held that, where [a] plaintiff (who was formerly associated with [a] state entity) asserts a violation of federal law against a state official in conjunction with his disassociation from the state entity and also seeks reinstatement, the Ex Parte Young doctrine precludes dismissal of the state official from the suit, largely because reinstatement is 'prospective' relief" (citations omitted)).

Therefore, the Eleventh Amendment does not bar Count I.

**B.  Count II**

Section 504 of the Rehabilitation Act prohibits "any program or activity" that receives federal financial aid from discriminating against a qualified individual with a disability.  29 U.S.C. § 794(a); Jim C. v. United States, 235 F.3d 1079, 1080 (8th Cir. 2000).  A "program or activity" is defined as the "department, agency, special purpose district, or other instrumentality of a State or of a local government

---

[7]Although an order directing Kinkade to rehire plaintiff in the next available position for which she is qualified would draw money from the state treasury in the form of plaintiff's salary, this does not preclude such relief.  See Milliken v. Bradley, 433 U.S. 267, 289 (1977) (reaffirming that the Ex parte Young doctrine "permits federal courts to enjoin state officials to conform their conduct to the requirements of federal law, notwithstanding a direct and substantial impact on the state treasury"); Mo. Child Care Ass'n v. Cross, 294 F.3d 1034, 1042 (8th Cir. 2002) ("The proper focus of [the court's] immunity inquiry must be directed at whether the injunctive relief sought is prospective or retroactive in nature, and not on an injunction's impact on the State's treasury." (citation omitted)).

. . . any part of which is extended Federal financial assistance." 29 U.S.C. § 794(b)(1)(A).

"The Rehabilitation Act requires States that accept federal funds to waive their Eleventh Amendment immunity to suits brought in federal court for violations of Section 504." Jim C., 235 F.3d at 1081; see 42 U.S.C. § 2000d-7 ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act . . . or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance."). This waiver of sovereign immunity, however, is "limited and applies only to the individual agency that receives the federal funds." Doe v. Nebraska, 345 F.3d 593, 598 (8th Cir. 2003); accord Jim C., 235 F.3d at 1081 ("By accepting funds offered to an agency, the State waives its immunity only with regard to the individual agency that receives them.").

### 1. State of Missouri

In her response memorandum, plaintiff concedes that the State of Missouri should be dismissed from Count II. (Doc. 22 at 7.)

### 2. Kinkade

Plaintiff alleges that the Department receives federal funds and, thus, that the Department has waived its Eleventh Amendment immunity to suits brought under the Rehabilitation Act. (Doc. 15 at ¶ 27.) Plaintiff argues that Kinkade, as Acting Director of the Department, is a proper named-defendant in Count II, which is brought against Kinkade in his official capacity.

Defendants argue that Kinkade should be dismissed because only an *individual agency* waives Eleventh Amendment immunity through receipt of federal funds and, thus, an agency official is not a proper defendant even when the claim is brought against the agency official in his official capacity. See, e.g., Jim C., 235 F.3d at 1081; Doe, 345 F.3d at 598.

A suit against a government official in his official capacity is "another way of pleading an action against an entity of which an officer


is an agent." Monnell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978). "[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official." Hafer, 502 U.S. at 25. Thus, although Kinkade is the named-defendant, the Department is the real party in interest in Count II.

Therefore, Kinkade is a proper named-defendant in plaintiff's Rehabilitation Act claim, Count II.[8] See, e.g., Nelson v. Pennsylvania, 125 F. App'x 380, 382 (3d Cir. 2005) (remanding for further consideration an official-capacity Rehabilitation Act claim brought against an agency official); Adail v. Crawford, No. 06-4287-CV-C-SOW, 2008 WL 554338, at *1, *3-4 (W.D. Mo. Feb. 27, 2008) (allowing the plaintiff's official-capacity Rehabilitation Act claims to proceed); R.P. ex rel. K.P. v. Springdale Sch. Dist., No. 06-5014, 2007 WL 552117, at *6 (W.D. Ark. Feb. 21, 2007) (dismissing the plaintiffs' official-capacity Rehabilitation Act claims against school officials because the claims were "redundant to their claims against the [school] [d]istrict").

## V.  CONCLUSION

Therefore,

**IT IS HEREBY ORDERED** that the motion of defendants the State of Missouri and Brian Kinkade to dismiss (Doc. 18) is sustained in that the State of Missouri is dismissed as a defendant in Count II.  In all other respects, the motion to dismiss is denied.

          /S/   David D. Noce
     **UNITED STATES MAGISTRATE JUDGE**

Signed on April 30, 2012.

---

[8] In her response memorandum, plaintiff also sought, in the event the court determined the Department to be the only proper named-defendant in Count II, leave to amend her complaint to name the Department as a defendant in Count II. (Doc. 22 at 7.) Because Kinkade is a proper named-defendant in Count II, plaintiff's request for leave to amend is moot.